UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-87-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Samuel Girod's motion to dismiss the Indictment under Rule 12(b)(1) of the Federal Rules of Criminal Procedure. [Record No. 45] The motion also includes certain *in limine* requests. The defendant argues that: (i) the United States and its agencies have violated his due process rights; (ii) the Food and Drug Administration ("FDA") and the prosecution lack standing to investigate and/or prosecute him; (iii) the Indictment is invalid; (iv) certain terms should be excluded from use at trial; and (v) the statutes governing Girod's conduct are unconstitutional.

Because this criminal action was referred to a United States Magistrate Judge for pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Robert E. Wier issued a Recommended Disposition on June 8, 2016. [Record Nos. 4; 61] The magistrate judge recommends that Girod's motion be denied. Girod filed objections to the Recommended

Disposition.[1]  [Record No. 65]  After reviewing all relevant materials, the Court agrees with Magistrate Judge Wier and will deny the motion to dismiss and the *in limine* requests.

**I.**

In a criminal proceeding, a party may raise by pretrial motion any defense, objection, or request that the Court can determine without a trial on the merits.  Fed. R. Crim. P. 12(b)(1). Such a motion may allege error in the underlying grand jury proceeding.  Fed. R. Crim. P. 12(b)(3)(A)(v).  For example, the defendant "may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1); *see also* 28 U.S.C. § 1867.  Because Girod proceeds *pro se*, the Court liberally construes his arguments.  *See Haines v. Kerner*, 404 U.S. 520, 520 (1972).

**II.**

A more detailed summary of the relevant facts is set forth in the Court's Memorandum Opinion and Order filed June 22, 2016.  [Record No. 66, pp. 1−3]  In essence, Girod is charged with twelve counts ranging from obstruction of justice to introducing into interstate commerce misbranded products in violation of 21 U.S.C. §§ 33l(a) and 333(a)(2).  [Record No. 1, ¶¶ 17−44]  The charges center around his manufacturing and distribution of certain salves at an establishment not registered with the FDA under 21 U.S.C. § 360(b)(l), (c)(l).

In his motion to dismiss the Indictment, Girod asserts that his due process rights were violated by the FDA's failure to follow the procedures in 5 U.S.C. § 554 and 21 U.S.C. § 335.

---

[1]  Because Girod filed objections that disagree with the recommendation "in its entirety," the Court will conduct a *de novo* review of the Recommended Disposition.  28 U.S.C. § 636(b)(1). [Record No. 65, p. 1]

[Record No. 45, pp. 1, 8]  Second, the defendant alleges that the FDA lacks "standing" to investigate his activities and that the United States lacks standing to prosecute him because the products he manufactured and distributed at his establishment were not "drugs."  [*Id.*, p. 2]  Along with this allegation, Girod seeks to exclude the use of certain "prejudicial" terms at trial.  [*Id.*]  He also seeks to exclude the testimony of certain witnesses.  [*Id.*, p. 3]  Third, the defendant challenges the validity of the Indictment and the fairness of the grand jury proceeding.  [*Id.*, p. 8]  Finally, Girod makes several arguments addressing the sufficiency of the evidence.  [*See* Record Nos. 45-1; 45-2.]  The Court agrees with the magistrate judge that none of these contentions have merit.

### A. Due Process

Girod argues that his due process rights were violated because the FDA did not comply with the requirements of 5 U.S.C. § 554 and the Secretary did not comply with 21 U.S.C. § 335.  [Record No. 45, pp. 1, 8]  As noted by the magistrate judge, 5 U.S.C. § 554 applies to adjudications "required by statute to be determined on the record after opportunity for an agency hearing."  5 U.S.C. § 554(a).  An "adjudication" refers to "agency process for the formulation of an order," and a court is not an "agency."  5 U.S.C. § 551(1)(B), (7).  Because a criminal prosecution in this Court is not an "adjudication" under Title 5 of the United States Code, § 554 does not apply to the proceeding at hand.  In his objections, Girod claims that his actions should not be governed under the FDA's authority or regulations because the FDA did not follow its own procedures.  [Record No. 65, p. 2]  Regardless of whether Girod's argument would have merit at an agency hearing, it does not apply in a criminal prosecution in this Court because this Court's procedures are not governed by § 554.

Likewise, Girod's contention that the Indictment should be dismissed due to the Secretary's failure to comply with 21 U.S.C. § 335 lacks merit. As explained in the June 22, 2016 Memorandum Opinion and Order and in the Recommended Disposition, the § 335 mechanism is not a prerequisite to prosecution. *United States v. Dotterweich*, 64 S. Ct. 134, 135 (1943). [Record Nos. 61, p. 3; 66, p. 6] As explained by the Supreme Court in addressing a similar subsection of the Pure Food and Drugs Act, 21 U.S.C. § 1, *et seq.*, that subsection was not meant to "hamper district attorneys, curtail the powers of grand juries, or make them, with evidence in hand, halt their investigation and await the action of the Department." *United States v. Morgan*, 222 U.S. 274, 282 (1911); *see also United States v. Aossey*, No. 14-CR-116-LRR, 2015 WL 4064312 (N.D. Iowa Jul. 2, 2015). In other words, while § 335 governs the FDA's behavior, it does not govern the prosecutor's or the grand jury's procedures.

Girod's objections merely reiterate the same argument. [Record No. 45, pp. 1, 65, p. 2] However, the defendant fails to identify any legal error in the magistrate judge's conclusion that § 335 is inapplicable to the situation at hand. For example, Girod attempts to distinguish *Dotterweich*, 64 S. Ct. at 135, by pointing out that the defendant in that case was a drug company. [Record No. 65, p. 2] However, in the present case, the exact issue for the jury to determine is whether Girod's establishment involved the manufacturing and distribution of "drugs." Therefore, Girod's alleged distinction between his case and *Dotterweich* may not be accurate. In any event, the status of the company in *Dotterweich* is irrelevant to the determination of whether the agency's failure to comply with § 335 bars a prosecution conducted by the United States.

The defendant highlights that, in *United States v. Andreadis*, the court focused on the importance of holding a § 335 hearing before a prosecution. 234 F. Supp. 341, 348 (E.D.N.Y.

1964). [Record No. 65, p. 2] First, that case is not binding because it is a district court case from another circuit. *See United States v. Flores*, 477 F.3d 431, 438 (6th Cir. 2007). Second, the court in that case placed importance on the § 335 hearing because the defendant "gave [his] statement under the implied understanding or promise that it would be considered before a decision to prosecute was made." 234 F. Supp. at 348. Such a promise was relevant to the court's conclusion that the defendant was deprived of his right against self-incrimination while testifying at the hearing. *See id.* at 347. Thus, *Andreadis'* reasoning regarding the importance of the § 335 hearing is not relevant to the circumstances of the present action.

### B. Standing

The defendant's "standing" argument is centered around the Federal Rules of Civil Procedure, rather than the criminal rules. [Record No. 45, p. 4] The magistrate judge concluded that the United States' standing to enforce federal criminal laws is unquestioned. [No. 61, p. 4] In his objections, Girod claims that there can be no standing because there are no victims of his conduct. [Record No. 65, p. 2] However, the defendant incorrectly assumes that the victims must be identified. Further, "diffuse injuries to the general public" and potential injuries are sufficient to create standing for criminal prosecution. *See Rice v. Farley*, No. 14-31-ART, 2014 WL 2441260, at *2−3 (E.D. Ky. May 30, 2014); *Christian Schmidt Brewing Co v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1358 (6th Cir. 1985) (showing of potential antitrust injury conferred standing).

The magistrate judge also determined that this Court properly has jurisdiction under 18 U.S.C. § 3231. [Record No. 61, p. 4] In his objections, Girod states that the Court's jurisdiction "is not in question." [Record No. 45, p. 3] Instead, he claims that the trial should not include evidence flowing from the FDA's investigation into his activities because the FDA

violated its own procedures under 21 U.S.C. § 335. [*Id.*] As aptly noted by the magistrate judge, the FDA has jurisdiction to conduct investigations of violations of the FDCA under 21 U.S.C. §§ 393, 360(b)(1), and 374. [Record No. 61, p. 4] Under those provisions, it properly gathered evidence from Girod's establishment. Girod's alleged violations of federal criminal laws is a separate issue from the FDA's alleged failure to comply with certain hearing procedures. Because § 335 is not a prerequisite to the United States' prosecution of Girod in this Court, Girod's standing argument fails.

### C. Sufficiency of the Evidence and Void-for-Vagueness Challenge

Girod contends that the Indictment should be dismissed because the lab results show that he did not manufacture or distribute "drugs." [Record No. 45, p. 7] As explained in the June 22, 2016 Memorandum Opinion and Order, the term "drug" in 21 U.S.C. § 321(g)(1) has a special significance that differs from the generic use of the term in the laboratory analyses he references. [Record No. 66, p. 7; *referring to* Record Nos. 45-1; 45-2] For instance, that provision focuses on the "intended use" of the product. *See* 21 U.S.C. § 321(g)(1)(B)−(C). Further, the laboratory reports detected at least two alkaloids (sanguinarine and chelerythrine) that are present in bloodroot, which is often a component of escharotic agents. [Record No. 45-2, p. 2] The reports indicate that the presence of those alkaloids "is not definitive evidence for the presence of bloodroot in the present case." [*Id.*] Girod can address that issue by attacking the weight of the evidence at trial. *See* Fed. R. Crim. P. 12(b)(1); *United States v. Cumberland Wood and Chair Corp.*, 978 F.2d 1259 (table), 1992 WL 317175, at *3 (6th Cir. 1992) (pretrial motion requiring court to find facts that make up elements of the offense should be denied because those factual issues are for the jury).

In his objections, the defendant argues that the definition of "drug" in the FDCA is void for vagueness. [Record No. 65, p. 3] A criminal law may be vague if it "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits," or if it "authorize[s] and even encourage[s] arbitrary and discriminatory enforcement." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999). Girod attacks the notice issue. Regarding notice, a law fails to satisfy due process requirements if it is "so vague and standardless that it leaves the public uncertain as to the conduct it prohibits." *Id.*

"[D]ifficulty in determining whether certain marginal offenses are within the meaning of the language under attack as vague does not automatically render a statute unconstitutional for indefiniteness." *Jordan v. De George*, 341 U.S. 223, 231 (1951). The FDCA has been upheld on numerous occasions against vagueness challenges. *See, e.g.*, *United States v. 2600 State Drugs, Inc.*, 235 F.2d 913, 916 (7th Cir. 1956), *cert. denied*, 352 U.S. 848 (1956) (addressing sections 331, 335, and 353 of the FDCA, which describe labeling and misbranding violations); *United States v. Article of Drug Labeled "White Quadrisect,"* 484 F.2d 748, 751 (7th Cir. 1973) (addressing section 351(a)(2)(B)); *United States v. Travia*, 180 F. Supp. 2d 115, 123 (D.D.C. 2001) (determining that sections 321(e), 353(b)(1), 331(a), and 352(f) were not unconstitutionally vague). In fact, in *American Health Products Co. v. Hayes*, the district court explained that even an orange sold as a cure for the common cold could be regulated as a drug. 574 F. Supp. 1498, 1501 (S.D.N.Y. 1983).

The reasoning in *United States v Carlson* is persuasive. Criminal No. 12-305(DSD/LIB), 2013 WL 5125434 (D. Minn. Sept. 12, 2013). In that case, the defendants challenged the definition of "drug" in the FDCA, as well as other provisions in the statute, as void for vagueness. *Id.* at *11. The court rejected the challenge because a person of ordinary

intelligence could determine the meaning of the provisions. *Id.* Further, it relied on the Supreme Court's determination that the remedial purpose of the Act required the Court to give effect to congressional intent to have a broad definition for "drug." *Id.* (citing *United States v. Article of Drug . . . Bacto–Unidisk*, 394 U.S. 784 (1969)).

Here, the definition of the term drug in 21 U.S.C. § 321(g)(1) is not unconstitutionally vague. If an individual manufactures and distributes articles whose labels and materials show that they are intended to cure or prevent disease or affect a structure or function of the human body, then that person must comply with labeling, registration, and administrative requirements. *See id.*; 21 U.S.C. § 360(b)(l), (c)(l). Although Girod attempts to demonstrate that the definition is absurd because it could include "mud," the crime is that such an article might be sold in a deceitful way that could result in harm. For example, a person suffering from a condition who chooses to use mud as a treatment could have sought out another treatment that would have been more successful than mud. The Court agrees with the reasoning in *United States v. Hohensee*, where the court explained that "[t]he crime is that the labels on the containers were insufficient for the purposes for which the products were to be used." 243 F.2d 367, 370 (3d Cir. 1957). Based on the case law's repeated upholding of the FDCA in the face of vagueness challenges, the Court will overrule Girod's objection regarding that issue.

### D. Validity of Indictment and Grand Jury Process

The defendant seems to argue that there is not probable cause for an Indictment or that biased evidence was presented to the grand jury. [Record No. 45, p. 6] "[A]n indictment fair upon its face, and returned by a properly constituted grand jury . . . conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged. *Kaley*

*v. United States*, 134 S. Ct. 1090, 1097 (2014) (internal quotation marks and citation omitted). Thus, there is no "authority for looking into and revising the judgment of the grand jury upon the evidence, for the purpose of determining whether or not the finding was founded upon sufficient proof." *Costello v. United States*, 350 U.S. 359, 362−63 (1956). Even a presentation of "incompetent" and "inadequate" evidence to a grand jury does not render the Indictment invalid. *See United States v. Markey*, 693 F.2d 594, 596 (6th Cir. 1982).

Girod may not challenge the existence of probable cause for the Indictment, and the type of evidence submitted to the grand jury is largely irrelevant. *See Markey*, 693 F.2d at 596. As a result, his objection regarding an allegation that "tainted" evidence may have been presented to the grand jury will be overruled. [Record No. 65, p. 4] Following trial, if the defendant is convicted, he may challenge his conviction for insufficiency of the evidence.[2]

"To be legally sufficient, the indictment must assert facts which in law constitute an offense; and which, if proved, would establish *prima facie* the defendant's commission of that crime." *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992) (citing *Fleisher v. United States*, 302 U.S. 218 (1937)). The Court's review of the Indictment

---

[2] To the extent Girod alleges that the prosecutor presented false evidence to the grand jury [Record No. 51, p. 5], "[d]ismissal of a grand jury indictment is appropriate only where a defendant can establish a long standing pattern of prosecutorial misconduct before a grand jury and actual prejudice." *United States v. Castro*, 908 F.2d 85, 89 (6th Cir. 1990); *see also United States v. Leek*, 78 F.3d 585 (table), 1996 WL 99811, *2 (6th Cir. Mar. 5, 1996). Here, Girod has not made an attempt to establish either of these two prongs. For example, he fails to articulate specific facts that establish that the grand jury reviewed false evidence or testimony, and he does not establish whether other substantial, accurate evidence influenced the grand jury's decision. *See, e.g.*, *Constantine v. Gadeken*, 563 F. App'x 464, 465 (6th Cir. 2014) (affirming motion to dismiss civil rights action where plaintiff's allegations regarding the grand jury were based on "her own inferences, subjective beliefs, and legal conclusions"); *United States v. Reyes-Echevarria*, 345 F.3d 1, 5 (5th Cir. 2003) (misleading testimony presented to grand jury did not prejudice defendant because "grand jury heard other substantial evidence" of the defendant's criminal activities).

indicates that the Indictment sets out facts that establish a *prima facie* case that Girod violated several provisions of the FDCA, along with other federal laws regarding obstruction of justice. [*See* Record No. 1-1.] He makes no argument that the Indictment fails to outline such facts.

Additionally, the Court agrees with the magistrate judge that Girod does not attack the grand jury's process.³ *See* Fed. R. Crim. P. 6(b)(1); 28 U.S.C. § 1867. [Record No. 61, p. 8 n.4] Although the secrecy of the proceeding prevents Girod from knowing what happened during the proceeding, Girod can obtain certain information from that proceeding through Rules 16(a)(1)(B)(iii), 26.2(f)(3), and the Jencks Act, 18 U.S.C. § 3500(e)(3), for preparation for trial.

### E.   Motions *in Limine*

Girod seeks to exclude the testimony of certain witnesses at trial because he claims that they are biased or unqualified to be experts. [Record No. 45, p. 3] The magistrate judge concluded that the issue is moot because the United States does not intend to present those witnesses as experts at trial. [Record No. 61, p. 8] The Court agrees. To the extent the individuals testify as lay witnesses, the defendant may challenge their credibility at trial because credibility determinations are reserved for the jury. *See Boutros v. Canton Regional Transit Auth.*, 997 F.2d 198, 202 (6th Cir. 1993).

In his objections, Girod attacks the injunction against him and the fact that such injunction was likely presented as evidence against him at the grand jury proceeding. [Record No. 65, pp. 4−5] The injunction is not subject to attack in this criminal matter because it is part of the civil matter in the United States District Court for the Western District of Missouri.

---

³   As noted by the magistrate judge, the Indictment was, in fact, properly signed. [Record No. 1-1, p. 15]

[Record No. 1, p. 4] To the extent Girod argues that biased/tainted information was submitted to the grand jury, the Court has already addressed that issue. Consequently, Girod's objection with respect to that issue will be overruled.

The defendant also wishes to exclude certain terms or phrases at trial due to their prejudicial effect. Those words include "drug," "establishment," "misbranded," "operate," and "product." [Record No. 45, pp. 2, 5] In addition, he seeks to exclude use of his full name and physical address. [*Id.*, p. 5] Although the Court may sometimes exclude certain terms for use at trial, "the fact that a term has a negative connotation does not mean that it violates Rule 403." *United States v. Guzman*, 571 F. App'x 356, 361 (6th Cir. 2014) (internal quotation marks and citation omitted). Further, if the prejudicial effect is "mitigated by the probative value of having witnesses that are able to accurately describe" the events in question, there is no Rule 403 violation. *See United States v. Kincaid*, No. 3:10–CR–160, 2013 WL 5595404, at *3 (E.D. Tenn. Oct. 11, 2013) (citations omitted). In *Guzman*, the court denied the defendant's motion to exclude the term "pain clinic." 571 F. App'x at 360.

The defendant offers no explanation why the words "operate," "product," and "establishment" would be unduly prejudicial to him at trial, and the Court does not believe that such words have any negative connotation. He appears to argue that they are irrelevant because they are not defined by the FDCA. [Record No. 45, p. 5] However, the FDCA need not define every word that appears within it. Moreover, Girod's business and conduct fall within the common meanings of those terms.

While the terms "drug" and "misbranded" have some negative connotations, the United States is entitled to use the terms that are elements of the offenses at issue. *See* 21 U.S.C. §§ 321(g)(1); 331(a), 352(o). Any "risk of unfair prejudice" is extremely remote because the

terms are not "especially inflammatory." *See United States v. Stapleton*, No. 12–11–ART–(1), (2), (4), 2013 WL 5966122, at *10 (E.D. Ky. Nov. 8, 2013). For instance, many drugs are sold legally.

Girod also takes issue with the fact that the term "drug" in the Act differs significantly from the term "drug" in common usage. [Record No. 65, p. 5] For example, the United States' witnesses might confuse the jury by using the colloquial term "drug" when the jury is charged with determining whether Girod's products were "drugs" within the meaning of the statute. However, any confusion engendered by the term will be mitigated by the jury instructions, which will define the term "drug" under 21 U.S.C. § 321(g)(1) in great detail. Moreover, if anything, the term in the statute is broader than the term in everyday usage,[4] reducing any confusing or prejudicial effect. Therefore, the probative value of using the term "drug" is not outweighed by the danger of unfair prejudice, confusion, or misleading the jury. *See* Fed. R. Evid. 403.

With respect to Girod's desire to exclude references to "Bath County" and the location of his farm, his request will be denied. He seems to argue that the United States has insufficient evidence to prove the location of his farm. [Record No. 45, p. 5] However, that determination is a matter reserved for the jury at trial. Regarding Girod's wish to exclude use of his full name at trial, he offers no comprehensible explanation why his name should not be included. [*Id.*] Consequently, his request will be denied.

---

[4]  *See Drug*, Merriam-Webster (2015) (defining "drug" as "substance used as a medication or in the preparation of medication" or "a commodity that is not salable or for which there is no demand" or "something and often an illegal substance that causes addiction, habituation, or a marked change in consciousness").

### F.   First Amendment

In his objections, Girod raises for the first time arguments that the FDCA provisions involved in this case violate his First Amendment free speech and free exercise rights. [Record No. 65, pp. 5−6] He also references the Religious Freedom Restoration Act of 1993 ("RFRA") and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). [*Id.*, p. 6] "[A]bsent compelling reasons," the Magistrate Judge Act, 28 U.S.C. § 631, *et seq.*, does not permit parties to raise at the district court stage new issues that were not presented to the magistrate judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Where the movant offers no explanation for his failure to assert a claim prior to the magistrate judge's issuance of a recommended disposition, he does not establish "compelling reasons" for the district court to consider the new argument. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Because Girod raised his First Amendment arguments for the first time in his objections, he has waived those arguments. *See Murr*, 200 F.3d at 902 n.1; *Waters*, 158 F.3d at 936.

Nevertheless, the defendant's claims lack merit. Commercial speech is entitled to less protection than other forms of speech under the First Amendment. *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626, 637 (1985). With commercial speech that may be misleading, an "advertiser's rights are adequately protected as long as disclosure requirements are reasonably related to the [Government's] interest in preventing deception of consumers" and not "unjustified or unduly burdensome." *Id.* at 628, 651. Here, the labeling requirements of the FDCA are reasonably related to the Government's interest in protecting the public from dangerous substances. *See, e.g.*, *Discount Tobacco City & Lottery, Inc. v. United States*, 674 F.3d 509, 525 (6th Cir. 2012) (holding that Family Smoking

Prevention and Tobacco Control Act's requirement that tobacco packaging and advertising include color graphic and non-graphic warning labels satisfied the requirements of the First Amendment). Further, other than his religious freedom argument, Girod does not explain how the FDCA's provisions are unduly burdensome. *See Zauderer*, 471 U.S. at 637.

With respect to the free exercise claim premised on the First Amendment, RFRA, and RLUIPA, the Government may not substantially burden a person's free exercise of religion unless it "demonstrates that application of the burden to the person represents the least restrictive means of advancing a compelling interest." *Gonzalez v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 423 (2006) (quoting 42 U.S.C. § 2000bb–1(b)) (internal quotation marks omitted). However, a movant must first show that the action "substantially burdens his ability to freely practice his religion." *See United States v. Berst*, No. 6:11-cv-6370-TC, 2012 WL 4361408, *7 (D. Or. Aug. 2, 2012). While Girod asserts that his faith rejects FDA testing [Record No. 65, p. 6], meaning the FDCA imposes some burdens on his religious practices, he has not shown that the burden is substantial. *See id.* (defendant and owner of alternative remedy store unable to establish *prima facie* case that misbranding provisions of FDCA substantially burdened his religious exercise). Therefore, even if Girod had properly raised his First Amendment claims, they would fail on the merits.

### III.

For the foregoing reasons, it is hereby

**ORDERED** as follows:

1. The Recommended Disposition of United States Magistrate Judge Robert E. Wier [Record No. 61] is **ADOPTED** and **INCORPORATED** by reference.

- 15 -

      2.      Defendant Samuel Girod's objections to Magistrate Judge Wier's Recommended Disposition [Record No. 65] are **OVERRULED**.

      3.      The defendant's motion to dismiss the Indictment and/or motion *in limine* [Record No. 45] is **DENIED**.

This 24th day of June, 2016.

Signed By:
*Danny C. Reeves*   DCR
United States District Judge