UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 5: 15-87-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SAMUEL A. GIROD, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the United States' motions *in limine*, asking the Court to exclude: (i) Defendant Samuel Girod's proposed "expert" testimony at trial; and (ii) his evidence concerning a Private Membership Association as a defense at trial. [Record Nos. 67; 68] The defendant has not filed any responses in opposition to these motions, and the time to do so has expired. Thus, they are ripe for review. For the reasons outlined below, the Court will grant the motions *in limine*.

**I.**

A more detailed factual summary of this matter appears in the Court's June 22, 2016 Memorandum Opinion and Order denying Girod's motion *in limine*. [Record No. 66, pp. 1−3] In essence, Girod is charged with twelve counts ranging from obstruction of justice to introducing into interstate commerce misbranded products in violation of 21 U.S.C. §§ 33l(a) and 333(a)(2). [Record No. 1, ¶¶ 17−44] The charges center around his manufacturing and distribution of certain salves at an establishment not registered with the Food and Drug Administration ("FDA") under 21 U.S.C. § 360(b)(l), (c)(l).

On June 24, 2016, the Court denied the defendant's motion to dismiss the Indictment. [Record No. 70] Girod has filed a Notice of Appeal regarding the Court's June 24, 2016 Memorandum Opinion and Order, and that attempted appeal is pending. [Record No. 71] As a result, the trial of this matter has been continued generally pending resolution of the interlocutory appeal and the United States' three motions, two of which are addressed here. [*See* Record No. 73.] First, the Government seeks to exclude Girod's proposed expert witness testimony as irrelevant and/or unreliable under Rules 402 and 702 of the Federal Rules of Evidence. [Record No. 68] Second, the United States asserts that Girod should not be able to present evidence regarding the sale of his products through a "Private Membership Association" because such a defense is not viable. [Record No. 67] The Court agrees with the United States and will grant its *in limine* requests.

## II.

### A.    Girod's "Expert" Testimony

The United States requests an *in limine* determination that Girod's proposed expert witnesses cannot offer their opinion testimony at trial. [Record No. 68, p. 1] In his "Expert Witness Notification," the defendant indicates his intent to present the testimony of 45 customers of his business who have used the salves at issue and can attest to their efficacy. [Record No. 53] The Government argues that the testimony is irrelevant under Rule 402 of the Federal Rules of Evidence and that it constitutes improper opinion evidence under Rule 702 and the holding in *Daubert v. Merrell-Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591−92 (1993).

Irrelevant evidence is not admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence;

and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Here, the efficacy of Girod's salves is not at issue. It is clearly irrelevant to the charges in the Indictment relating to obstruction of justice. [Record No. 1, ¶¶ 17−18, 23−24, 43−44] Nor is the efficacy of the salves relevant to the counts concerning violations of the Federal Food, Drug, and Cosmetic Act ("FDCA"). For instance, Count 3 charges Girod will failing to register with the FDA in accordance with 21 U.S.C. § 360. [*Id.*, ¶ 26] Whether Girod's salves act as healing agents has nothing to do with whether Girod was properly registered with the FDA.

The remaining counts all address the inadequate labeling of Girod's products. *See* 21 U.S.C. §§ 331(a) and 333(a)(2). [*Id.*, ¶¶ 27−42] Regardless of the benefits of the salves, the labeling could still be inadequate based on any potential dangers, or any failure to warn the customers about limitations and proper use of the products. Because the efficacy of the salves does not make it more or less probable that Girod violated the registration and labeling requirements of the FDCA, evidence concerning that issue must be excluded as irrelevant under Rule 402.

Next, Rule 702 provides that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Rule reflects the Supreme Court's holding in *Daubert*, 509 U.S. at 592. *See* Fed. R. Evid. 702 Advisory Committee's Note (2000 Amendment). As the United States Court of Appeals for the Sixth Circuit explained in *In re Scrap Metal Antitrust*

*Litigation*, a proposed expert's opinion testimony is admissible, at the district court's discretion, if three requirements are met: (1) the witness must be qualified by "knowledge, skill, experience, training, or education;" (2) the testimony must be relevant; and (3) the testimony must be reliable.  527 F.3d 517, 529 (6th Cir. 2008) (citing Fed. R. Evid. 702).

The United States argues that Girod's proposed opinion testimony fails to meet any of the three requirements outlined in *In re Scrap Metal Antitrust Litigation*. [Record No. 68, p. 3]  First, Girod has not provided information regarding the witnesses' qualifications.  Although they purport to have used the salves at issue, the defendant must establish that the proposed witnesses' backgrounds include "specialized" knowledge that is "beyond the scope of the ordinary juror."  *See Zuzula v. ABB Power T & D Co.,* 267 F. Supp. 2d 703, 713 (E.D. Mich. 2003).  In *Mahaney ex rel. Estate of Kyle v. Novartis Pharmaceuticals Corp.*, the district court excluded a lay witness' statement that a drug caused her bones to harden.  835 F. Supp. 2d 299, 304 (W.D. Ky. 2011).  The court reasoned that the statement constituted inadmissible opinion evidence under Rule 701.  *Id.*  Girod's proposed witnesses resemble the witness in *Mahaney*.  In reality, they are lay witnesses attempting to provide expert testimony that is improper under Rule 701.

Although "the accrual of specialized knowledge through experience is sufficient to create expertise," that experience must be extensive.  *United States v. Lawson*, Criminal Action No. 3:08-21-DCR, 2009 WL 1208014, *4 (E.D. Ky. May 1, 2009) (permitting auditor to testify as expert due to his credentials and "many years of practical experience in performing audit work"); *Fee v. Brass Eagle, Inc.*, No. 3:00CV7786, 2002 WL 1465762, *6 (N.D. Ohio Jun. 3, 2002) (reasoning that the expert had "extensive experience with firearms").  Here, on the other hand, Girod's proposed witnesses have not shown that they have extensive experience with

salves, the pharmaceutical industry, or FDCA regulations.[1]  In other words, Girod has failed to demonstrate that his proposed experts are qualified by specialized knowledge, skill, experience, training, or education as required by Rule 702.  *See Zuzula*, 267 F. Supp. 2d at 713.

In addition, as explained above, the proposed testimony is irrelevant because it will not assist the jury in resolving a fact in issue.  *See* Fed. R. Evid. 702(a).  Although Girod's salves might cure some ills and operate safely under certain conditions, such benefits do not change the fact that he allegedly failed to comply with FDCA labeling and registration requirements.  Moreover, the proposed statements are unreliable because they are not based on sufficient facts or data and are not the product of reliable principles and methods.  *See* Fed. R. Evid. 702(b), (c).  Instead, they are based entirely on limited personal experience.  *See, e.g.*, *Avendt v. Covidien, Inc.*, __ F.R.D. __, 2016 WL 1566890, *14 (E.D. Mich. Apr. 19, 2016) (excluding physician's opinion testimony because the "experience-based" testimony was not of "the same level of intellectual rigor that characterizes the practice of an expert in the relevant field" of medicine) (quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999)).  Because Girod's proposed opinion testimony is both irrelevant and unreliable, it will be excluded under Rule 702.

---

[1]   The Court further notes that the experts' summaries regarding their proposed testimony likely fail to meet the requirements of Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, assuming the United States requested such summaries.  *See, e.g.*, *United States v. White*, 492 F.3d 380, 405−406 (6th Cir. 2007) (reasoning that "vague avowal of experience concerning cost report issues and Medicare audits" was insufficient for Fiscal Intermediary witnesses to testify about the structure and procedures of the Medicare program, and explaining that the individuals testified as "lay" witnesses when they "discussed facts as they personally perceived them").

### B.     Private Membership Defense

The United States also seeks to exclude at trial evidence regarding Girod's anticipated defense based on the sale of his products through a "Private Membership Association" ("PMA"). [Record No. 67, p. 1]  By letters dated February 13 and 21, 2014, and September 8, 2015, Girod advised the FDA, Assistant District Attorney Curt Bohling, Assistant United States Attorney Andrew Boone, and Federal Investigator Steven Lamp that state and federal agencies have no jurisdiction to investigate or prosecute his activities conducted under the umbrella of a PMA.  [Record Nos. 67-1; 67-2; 67-3]  The defendant based his arguments on the free speech guarantees of the First and Fourteenth Amendments to the United States Constitution, as expressed in *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415 (1963).

Although there is scant case law on this issue, the courts that have addressed it have determined that PMAs are subject to the requirements of the FDCA.  *See Lytle v. United States Dep't of Health & Human Servs.*, 612 F. App'x 861, 861−62 (8th Cir. 2015) (rejecting plaintiff's argument that FDA lacked regulatory jurisdiction over his marketing of laser devices because he distributed them through non-commercial PMAs); *United States v. Cole*, 84 F. Supp. 3d 1159, 1170 (D. Or. 2015) (explaining that defendant's plan to form a PMA to disseminate his technology and products demonstrated an intent to "flout" any valid injunction issued in accordance with the FDCA); *United States v. 2035, Inc.*, Civ. No. 14-5075-JLV, 2015 WL 213170, *5, 7 (D.S.D. Jan. 14, 2015) (determining that distribution of laser system through PMAs was still subject to regulation by the FDA); *United States v. Allgyer*, No. 11-02651, 2012 WL 355261, *4 (E.D. Pa. Feb. 3, 2012) (criticizing defendant for maintaining "the

attitude that his participation in private membership associations, which sell raw milk in interstate commerce, cannot be regulated by the FDA").

Further, none of the cases cited by Girod address how PMAs should be viewed under the FDCA's regulatory requirements. *See, e.g.*, *Button*, 371 U.S. at 419, 437 (dealing with advocacy of civil rights litigation and provisions of state code forbidding solicitation); *Thomas v. Collins*, 323 U.S. 516, 518 (1945) (addressing solicitation of members for labor union participation). Moreover, Girod's circumstances do not involve the same speech and expression-related concerns that appeared in those cases. *See Button*, 371 U.S. at 452 (focusing on the "advocacy" promoted by the organizational plaintiff); *Thomas*, 323 U.S. at 324 ("The right thus to discuss, and inform people concerning, the advantages and disadvantages of unions and joining them is protected not only as part of free speech, but as part of free assembly."). The present criminal action does not seek to prevent Girod or the members of his PMA from assembling to discuss certain healing remedies. Therefore, the cases cited by Girod fail to support his position. Moreover, the FDCA specifically states that an "association" is considered a "person" subject to its requirements. 21 U.S.C. § 321(e).

Because Girod's anticipated defense based on his membership in a PMA is not viable under federal law, Girod's evidence related to PMAs is irrelevant to the extent he uses such evidence as a defense for his conduct. *See* Fed. R. Evid. 402; *see, e.g.*, *Studer v. Booker*, No. 09-14434, 2013 WL 425819, *10−11 (E.D. Mich. Jan. 24, 2013) (where state law eliminated diminished mental capacity short of legal insanity as a viable defense to first-degree murder, evidence of petitioner's diminished capacity was irrelevant and inadmissible). Consequently, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice,

- 8 -

confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Therefore, the Court will grant the United States' motion to exclude such evidence.

### III.

Girod's proposed expert opinions are irrelevant under Rule 402 of the Federal Rules of Evidence and fail to meet the standards for opinion testimony under Rule 702. In addition, to the extent Girod desires to present evidence regarding Private Membership Associations as a defense to his criminal liability in this matter, such evidence is irrelevant and unduly prejudicial under Rules 402 and 403. Accordingly, it is hereby

**ORDERED** as follows:

1. The United States' motion *in limine* to exclude Defendant Samuel Girod's proposed expert testimony [Record No. 68] is **GRANTED**. Opinion testimony from the witnesses identified by Girod in his Expert Witness Notification [Record No. 53] will be excluded at trial.

2. The Government's motion *in limine* to exclude evidence regarding Private Membership Associations as a defense [Record No. 67] is **GRANTED**. Inasmuch as the defendant seeks to present such evidence as a defense to his criminal conduct, it will be excluded at trial.

This 21st day of July, 2016.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge