UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 15-87-S-DCR |
| V. | ) ) ) | |
| SAMUEL A. GIROD, | ) | **MEMORANDUM ORDER** |
| Defendant. | ) ) | |

*** *** *** ***

This matter is pending for consideration of the defendant's motion to dismiss the superseding indictment. [Record No. 111]  As the defendant has been advised, any defensive motions must be filed within fifteen days of re-arraignment on a superseding indictment and, therefore, the motion to dismiss is untimely. [*See* Record Nos. 95 & 13 at ¶ 5(a).]  Regardless, the defendant's arguments in favor of dismissing the indictment are meritless.  Accordingly, the motion will be denied.

The defendant contends that the superseding indictment should be dismissed because his products are "herbal remedies" and, therefore, cannot be drugs.  However, in determining whether a product is a drug, the product's intended use is the key inquiry.  *See* 21 U.S.C. § 321(g)(1)(C)-(D).  *See also* 21 C.F.R. § 201.128.  The superseding indictment was issued by a grand jury based on a finding of probable cause that the defendant committed the offenses listed therein.  *See* Fed. R. Crim. P. 6.  Grand jury indictments are presumed valid and the law is designed to limit a trial court's ability to dismiss indictments.  *United States v. Toatley*, 2 F. App'x 441–42 (6th Cir. 2001).  The defendant has not alleged or offered any evidence that any

type of prosecutorial misconduct occurred, or that any prejudice resulted. Accordingly, dismissal of the indictment on the above-described ground is not appropriate. *See United States v. Streebing*, 987 F.2d 368, 371–72 (6th Cir. 1993).

The defendant also argues that the statutes he is alleged to have violated are constitutionally unsound. He appears to contend that the Federal Food, Drug and Cosmetic Act ("FDCA") lacks a rational basis and, therefore, violates his constitutional rights to equal protection and due process. [Record No. 111-1, p. 8] Contrary to the defendant's assertions, it is well-established that the fundamental purpose of the FDCA is to protect the consumer. Assuming rational basis review applies, the defendant certainly has not negated "every conceivable basis which might support [the FDCA]." Accordingly, his argument fails. *See FCC v. Beach Comms., Inc.*, 508 U.S. 307, 315 (1993).

The defendant also claims that the superseding indictment should be dismissed because the statutes under which he is charged are void for vagueness. Specifically, he contends that people of ordinary intelligence cannot understand what 21 U.S.C. § 352 means. [Record No. 111-1, p. 13] Although the defendant has not fleshed out this argument, it appears that he asks the Court to invalidate all provisions of the misbranding statute. However, the courts have repeatedly upheld the constitutionality of the misbranding provisions of the FDCA in the face of vagueness challenges. *See United States v. Scully*, 108 F.Supp.3d 59, 115 (E.D.N.Y. 2015) (collecting cases). *See also United States v. Carlson*, No. 12-305, 2013 WL 5125434, at *11 (D. Minn. Sept. 12, 2013). The misbranding statutes provide significant detail, which defines the prohibited conduct with "sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).

- 3 -

Finally, Defendant Girod claims that the United States singled him out for enforcement of the misbranding laws.  In support, he has attached an internet print-out purporting to show that others are selling bloodroot and chickweed salve via the internet.  However, a prosecutor has significant discretion in determining whether to prosecute, as long as there is probable cause to believe that an offense has been committed.  *United States v. Allen*, 954 F.2d 1160, 1166 (6th Cir. 1992).  There is no suggestion that the decision to prosecute the defendant was based on any impermissible reason.

Accordingly, it is hereby

**ORDERED** that the defendant's Motion to Dismiss the Superseding Indictment [Record No. 111] is **DENIED**.

This 27th day of February, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge