UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:15-CR-87-DCR-REW

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.              UNITED STATES' SENTENCING MEMORANDUM

SAMUEL A. GIROD                                                            DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States, through counsel, submits this memorandum regarding the sentencing of Defendant Samuel A. Girod. In light of the fact that there are no pending objections to the presentence report, the United States simply outlines its position on the appropriate sentence, penalty, and terms of supervision for the Defendant.

An incarcerated sentence within the guideline range is appropriate. The most relevant factors in this case are the "need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B).

The nature and circumstances of the offenses reflect the Defendant's blatant and ongoing determination to ignore the rule of law. This criminal case arose because the Defendant refused to follow a federal injunction first issued by United States District

1

Judge Fenner on August 28, 2013. After the injunction, he knowingly and intentionally sold his misbranded products to his customers – not disclosing to any of them the existence of the injunction. At trial, his customers uniformly testified they would not have purchased his products if they had known about the injunction. This is fraud. Not just on the United States government, but on the victims who unwittingly bought and re-sold the Defendant's products clearly in violation of the Food, Drug, and Cosmetic Act. In addition to continuing to manufacture and sell his products after a federal injunction and a federal indictment, he also impeded officers of the United States and obstructed an FDA proceeding, when he and others physically obstructed two FDA Consumer Safety Officers from doing their jobs. Once the criminal case began, he also directed a witness not to produce records in response to a grand jury subpoena and ultimately failed to appear to answer these charges for five months. Despite the Defendant's lack of criminal record, only an incarcerated sentence within the guideline range is adequate to address the seriousness of these offenses, promote respect for the law, and provide just punishment for the Defendant's flagrant pattern of lawlessness.

    A fine is also appropriate, in addition to the recommended restitution to individual victims who were defrauded. The Defendant's motive was financial; he wanted to continue his lucrative business selling these three products. He made at least $425,000 in the three years for which his sales information is available. He has been manufacturing these products – and dealing with FDA investigators – for over 15 years. Under these circumstances, a fine should be imposed. *See United States v. Breeding*,

109 F.3d 308, 311 (6th Cir. 1997) ("higher fines, and longer sentences of imprisonment, are more effective deterrents") (quoting *United States v. Turner*, 998 F.2d 534, 536 (7th Cir. 1993)).  Considering all the relevant factors, the United States seeks a fine of at least $25,000, the minimum of the range under United States Sentencing Guideline § 5E1.2(c)(3).  *See United States v. Lumbard*, 706 F.3d 716, 726-27 (6th Cir. 2013).

Finally, in addition to the standard conditions of supervision, the United States seeks a condition of supervised release that the Defendant abide by the Food, Drug, and Cosmetic Act, as well as any court orders or injunctions.

        Respectfully submitted,

        CARLTON S. SHIER, IV
        ACTING UNITED STATES ATTORNEY

By:   /s/ Kate K. Smith
        Assistant United States Attorney
        260 W. Vine Street, Suite 300
        Lexington, KY  40507
        (859) 685-4855
        Fax:  (859) 233-2747
        kate.smith@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, and mailed a copy to the Defendant to the following address:   Fayette County Detention Center – KY, 600 Old Frankfort Circle, Inmate Mail/Parcels, Lexington, KY 40510.

/s/ Kate K. Smith
Assistant United States Attorney