UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 15-087-DCR |
| V. | ) ) | |
| SAMUEL A. GIROD, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Samuel Girod has filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). [Record No. 162] The motion will be denied because Girod has not identified extraordinary and compelling circumstances warranting a sentence reduction.

**I.**

Girod was convicted of various offenses including failing to register with the Food and Drug Administration, introducing misbranded drugs into interstate commerce, witness tampering, and failing to appear in court. On June 30, 2017, he was sentenced to 72 months' imprisonment, to be followed by three years of supervised release. [Record No. 141] Girod's convictions were upheld on appeal and upon his challenge under 28 U.S.C. § 2255. [Record Nos. 153, 157, 158, 161] Girod has now filed a motion for a sentence reduction based on "extraordinary and compelling circumstances" pursuant to 18 U.S.C. § 3582(c)(1)(A). [Record No. 162]

## II.

Once a sentence has been imposed, it generally cannot be modified. *Dillon v. United States*, 560 U.S. 817, 819 (2010) (citing 18 U.S.C. § 3582(c)). As relevant here, the Court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction
. . .
and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Congress directed the United States Sentencing Commission to define "what should be considered extraordinary and compelling reasons for [a] sentencing reduction, including the criteria to be applied" and a list of specific examples. *United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *2 (10th Cir. Mar. 26, 2020) (quoting 28 U.S.C. § 994(t)); *United States v. Logan*, No. 1:96-CR-20-TBR, 2020 WL 730879, at *2 (W.D. Ky. Feb. 13, 2020). The Sentencing Commission has defined them by the following categories:

(A) Medical Condition of the Defendant.

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral

sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is
        (I) suffering from a serious physical or medical condition,
        (II) suffering from a serious functional or cognitive impairment, or
        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death of incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, cmt. n. 1.

Girod does not allege facts indicating that he suffers from a serious medical condition, or that his age or family circumstances constitute compelling and extraordinary circumstances. Instead, he reports that has had two teeth pulled while in custody, and one required treatment with antibiotics to resolve an abscess. Girod further states that he is required to perform "labor-intensive" work, which causes "debilitating back pain," and results in "frequent bed rest orders." [Record No. 162, pp. 20-21] Additionally, Girod indicates that, as a member of the

Amish community, he prefers holistic medicine to the traditional medicine that is offered by the Bureau of Prisons ("BOP"). He maintains that he is denied access to the "natural products he requires to adequately maintain his physical and dental health." *Id.* at p. 20.

Girod has not alleged that he suffers from a terminal illness or any other condition that limits his ability to provide self-care within the facility. Accordingly, he fails to meet the requirements described in U.S.S.G. § 1B1.13, Application Note 1(A). And because Girod is only sixty years old, so he does not meet the conditions described in Application Note 1(B), which require the defendant to be at least 65. Finally, Girod has not alleged any family circumstances as described in Application Note 1(C).

Girod has identified several other reasons he believes his sentence should be reduced pursuant to § 3582(c)(1)(A)(i). He contends that he is being isolated from the Amish community and is forced to practice with other religions "that do not practice in the language of Girod's communities [sic] national origin." [Record No. 162, p. 21] However, he focuses this argument on his accomplishments while in custody. For instance, he has completed his GED and is currently enrolled in a correspondence post-secondary undergraduate degree program offered through Nations University. *Id.* at p. 2. He reports that he has "excellent work, productive [programming] and disciplinary record[s]." Finally, Girod asserts that he maintains the lowest security classification available and has maintained a minimum recidivism risk level rating. *Id.* at p. 3.

These considerations do not fall within the enumerated categories of extraordinary and compelling circumstances under U.S.S.G. § 1B1.13, Application Notes 1(A)-(C). By its plain language, Application Note 1(D)'s "other reasons" determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute "other

reasons" under subsection 1(D) despite recent developments in the law enabling prisoners to seek § 3582(c)(1)(A)(i) relief without a BOP motion in some situations. *United States v. Washington*, No. 5: 13-CR-020-DCR, 2019 WL 6220984, at *2 (E.D. Ky. Nov. 21, 2019) (declining to follow *United States v. Cantu*, No. 1: 05-CR-458-1, 2019 WL 2498923 (S.D. Tex. June 17, 2019)). Regardless, the Court has previously explained that rehabilitation of the defendant alone does not constitute an extraordinary and compelling reason for a sentence reduction. *Id.* (citing 28 U.S.C. § 994(t) and U.S.S.G. § 1B1.13 cmt. n. 3).

Girod tendered a supplement to his motion on March 31, 2020, seeking a sentence reduction due to the possibility that he might contract COVID-19 while in custody. [Record No. 164] But unlike Girod's other claims, there is no indication that he pursued, let alone exhausted, his administrative remedies with respect to this claim. [*See* Record Nos. 162-2; 162-3.] *See United States v. Raia*, --F.3d--, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); *United States v. McCann*, No. 5: 13-052, 2020 WL 1901089, *1-2 (E.D. Ky. Apr. 17, 2020) (requiring administrative exhaustion for COVID-19 related compassionate release motions). Accordingly, this request will be denied.

Finally, Girod presents an argument concerning time credit that is somewhat difficult to follow. [Record No. 162, pp. 8-19] He begins by reciting provisions of the First Step Act of 2018 which increase the amount of good time credit inmates can earn from 47 days per year to 54 days per year. *See* 18 U.S.C. § 3624(b). Inmates are able to earn good time credits by participating in evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4). Girod contends that the BOP does not offer adequate evidence-based recidivism reduction programming and/or productive activities at the USP Big Sandy satellite

camp where he is confined. He also argues that he is entitled to an unspecified number of time credits and asks the Court to recalculate his sentence with these in mind.

While the First Step Act directs the BOP to create and evaluate programs aimed at reducing recidivism, Girod has not identified any authority that requires the BOP to offer particular programming or activities at the USP Big Sandy satellite camp. Further, it appears that the BOP has until January 2022 to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners" under the First Step Act. *See* 18 U.S.C. § 3621(h)(2). Regardless, § 3582(c)(1)(A)(i) is not the proper mechanism for bringing a challenge to the calculation of good time credits. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004).

### III.

Based on the foregoing, it is hereby

**ORDERED** that Defendant Samuel Girod's motion for a sentence reduction based on extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A) [Record No. 162] is **DENIED**.

Dated: April 21, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky